IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Detrick Descartes Freeman, #328569, | ) | C/A No.: 1:12-1105-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Detrick Descartes Freeman is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment [Entry #16, #17] and Petitioner's motion for an evidentiary hearing [Entry #21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by August 30, 2012. [Entry #18]. Petitioner filed a response on September 5, 2012. [Entry #21]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motion for an evidentiary hearing be denied.

I.   Factual and Procedural Background

Petitioner was indicted (1) by the Richland County grand jury in October 2006 for thirteen counts of kidnapping (2006-GS-40-8652, -7051, -7052, -7053, -7054, -7055, -7056, -7057, -7058, -7059, -7060, -7061, and -7062) and three counts of armed robbery (2006-GS-40-7063, -7064, and -7065) [Entry #16-13 at 3−50]; (2) by the Richland County grand jury in February 2008 for four counts of armed robbery (2008-GS-40-1680, -12831, -12829, and -12853) [Entry #16-13 at 51−53, 57−62, 66−68]; (3) by the Richland County grand jury in May 2008 for two counts of armed robbery (2008-GS-40-4392 and -2987) [Entry #16-13 at 54−56 (repeated at 69−71), 63−65]; and (4) by the Lexington County grand jury in January 2007 for two counts of kidnapping (2007-GS-32-304 and -306) and two counts of armed robbery (2007-GS-32-305 and -307) [Entry #16-13 at 72−81].

Petitioner was represented by Arthur Aiken, Esq., and Diedra Wilson Hightower, Esq. and on May 27, 2008, he pled guilty before the Honorable J. Michelle Childs, then-Circuit Judge, to the Richland County indictments (thirteen counts of kidnapping and nine counts of armed robbery), as well as the two Lexington County indictments for armed robbery. [Guilty plea transcript at Entry #16-1 at 3−80 to #16-2 at 1−16]. In exchange, the State agreed, *inter alia*, that all sentences would be concurrent, with a cap of thirty years, and the two Lexington County kidnapping charges were *nolle prossed*. [Entry #16-1 at 46]. Judge Childs imposed concurrent sentences of 10 years on the kidnapping charges and 23 years for the armed robberies. [Entry #16-2 at 14].

Petitioner filed an appeal from his guilty plea. [Entry #16-3]. The South Carolina Court of Appeals ("Court of Appeals") sent Petitioner a request for an explanation identifying an issue that is reviewable on appeal following a guilty plea, as required by Rule 203(d)(1)(B)(iv), SCACR. [Entry #16-4]. Appellate Defender M. Celia Robinson of the South Carolina Commission on Indigent Defense, Division of Appellate Defense initially represented Petitioner, but on March 30, 2009, she informed the Court of Appeals that she would not be taking any further action as counsel on the appeal because it was from a guilty plea. [Entry #16-5]. After Petitioner failed to identify an issue reviewable on appeal, the Court of Appeals dismissed the appeal on May 20, 2009. [Entry #16-2 at 62]. The remittitur was issued on June 5, 2009. [Entry #16-2 at 61].

On or about October 5, 2009, Petitioner filed an application for post-conviction relief ("PCR") with unspecified allegations. [Entry #16-2 at 63−69]. Respondent interpreted Petitioner's unspecified allegations to be claims of ineffective assistance of counsel. [Entry #16-2 at 70−73]. A PCR evidentiary hearing was held before the Honorable James R. Barber III on December 6, 2010, at which Petitioner and his counsel, Prentiss Counts Shealy, Esq., appeared and informed the court that he wished to proceed on the ground that because of he was sixteen years old at the time of the offenses, the circuit court lacked subject matter jurisdiction to accept his guilty plea to the armed robbery and kidnapping charges, citing S.C. Code § 20-7-7605. [Entry #16-2 at 75−85]. On December 30, 2010, Judge Barber entered an order of dismissal. [Entry #16-2 at 87−93].

Petitioner timely appealed from the denial of PCR on January 3, 2011. [Entry #16-6]. Although represented by counsel, Petitioner submitted a two-page *pro se* Motion to Alter or Amend on January 13, 2011 pursuant to Rule 59(e), SCRCP, in which he first attempted to assert the *ex post facto* claim he alleges in his federal habeas petition. [Entry #16-7].

In his PCR appeal, Petitioner was represented by Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[1] for writ of certiorari in the South Carolina Supreme Court on May 25, 2011, raising the following issue: "Whether general sessions court had jurisdiction to accept petitioner's guilty plea when he was only sixteen years old at the time he committed the crimes and his case should have been transferred to family court?" [Entry #16-9 at 3]. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. *Id.* at 7. On or about June 16, 2011, Petitioner filed a *pro se* brief, raising the following issue: "Whether South Carolina Code Ann. Sec. 63-19-20(1)(Cum. Supp. 09) would be unconstitutional if applied to Petitioner after conviction in violation of *Ex Post Facto* Clause?" [Entry #16-10 at 1].

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

On March 9, 2012, the South Carolina Supreme Court issued an order denying certiorari and granting counsel's petition to be relieved. [Entry #16-11]. The remittitur was issued on March 27, 2012. [Entry #16-12].

II. Discussion

Petitioner filed this federal petition for a writ of habeas corpus on April 24, 2012. [Entry #1].[2] He argues that he is entitled to a writ of habeas corpus on the following ground: "Whether conviction obtained violated *Ex Post Facto* Law." [Entry #1 at 5].

A. Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of

---

[2] The petition was received by the court on April 25, 2012 and docketed on April 27, 2012. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner did not sign or date his original petition. [Entry #1 at 14]. The envelope containing the petition was deposited in the prison mailing system on April 24, 2012, although it has the return address of another inmate, Darrell Williams #219730. [Entry #1-1].

the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of

6

clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all

grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States pre Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing

10

that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing

of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if

12

a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

C. Analysis

1. Procedural Bar

As an initial matter, Respondent argues that Petitioner procedurally defaulted on his claim by failing to present it at trial or on direct appeal, citing *Coleman*, 501 U.S. at 729−30. Respondent argues that because Petitioner pled guilty and did not go to trial, he procedurally defaulted on his claim of an *ex post facto* clause violation, notwithstanding his efforts to present it in PCR *pro se*. Respondent further argues that Petitioner procedurally defaulted on this claim because he could not have properly raised it *pro se*, as he was represented by counsel at PCR and had no right to hybrid representation. *Miller v. State*, 697 S.E.2d 527 (2010)(*pro se* filings by represented individuals are "essentially a nullity," should not to be accepted or ruled upon unless submitted by counsel). Finally, Respondent argues that the PCR court no longer had jurisdiction to address the Rule 59(e) motion, as Petitioner had already filed a notice of appeal, upon service of which, the PCR court lost jurisdiction, and the appellate court gained exclusive jurisdiction pursuant to Rule 205, SCACR. Respondent argues that, as a result, the South Carolina Supreme Court could not have addressed the claim when Petitioner presented it in his *pro se* response to the *Johnson* petition, as not preserved for appellate review, citing, *inter alia*, *Evans v. State*, 611 S.E.2d 510, 515 (S.C. 2005) (an issue must have been raised to and

ruled upon by the PCR judge to be preserved for appellate review). Finally, Respondent argues that Petitioner cannot show cause and prejudice for his procedural default or that failure to review the constitutional claim will result in a fundamental miscarriage of justice.

Petitioner appears to argue his PCR appellate counsel raised only one issue in the *Johnson* petition, although Petitioner claims he instructed his counsel to assert other claims. However, any allegation that PCR appellate counsel was ineffective for not having raised other issues is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation. "[T]he Fourth Circuit has unambiguously held that there is no constitutional right to counsel at the post-conviction relief stage, and, thus, there can be no error which implicates the Sixth Amendment." *Longworth v. Ozmint,* 302 F.Supp.2d 535, 545 (D.S.C. 2003) (insufficient for § 2254 petitioner to argue cause for default based on PCR appellate counsel's failure to include issues on appeal) (citing *Mackall v. Angelone,* 131 F.3d 442, 449 (4th Cir.1997) (*en banc*)). "Thus, because nothing impeded Petitioner's counsel from filing a brief with Petitioner's additional claims, Petitioner cannot show cause for failure to comply with the procedural rule and his objection is overruled." *Bryant v. Warden, Broad River Corr. Inst.,* No. 5:11–1315–RBH, 2012 WL 3597652, at *3 (D.S.C. Aug. 20, 2012).

Having failed to established "cause," the court does not reach whether Petitioner was prejudiced. *See Kornahrens v. Evatt,* 66 F.3d 1350, 1359 (4th Cir.1995) ("We are mindful ... that in *Engle* [*v. Isaac,* 456 U.S. 107, 134 n. 43 (1982) ], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we

14

conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.'"); *see also Breard v. Pruett,* 134 F.3d 615, 620 (4th Cir.1998) (same). Petitioner's appointed PCR counsel could have included the additional grounds, but chose not to do so.[4]

Consequently, federal habeas review of Petitioner's claim is barred and the petition should be dismissed.

### 2. Merits Review

Independently, a merits review of Petitioner's claim does not support his prayer for habeas relief. Petitioner complains that although he was sixteen years old at the time of the offenses, he was not given a family court hearing to determine whether the circuit court could obtain jurisdiction over his case. Therefore, he claims that the circuit court did not have jurisdiction to convict and sentence him. Petitioner's basis for the *ex post facto* claim is that the "conviction law changed and it is new law state seeks to apply." [Entry #1 at 5]. Specifically, Petitioner cites to the law at the time of the offenses, S.C. Code § 20-7-7605(1),[5] which provided that for a criminal charge against a "child" who "was under

---

[4] The Supreme Court has recently recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). However, the *Martinez* Court did not extend the potential for demonstrating cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id.* at 1320. Accordingly, Petitioner's claim that his PCR appellate counsel was ineffective cannot establish the requisite cause required to excuse his default.

[5] S.C. Code § 20-7-7605(1): "If, during the pendency of a criminal or quasi-criminal charge against a child in a circuit court of this State, it is ascertained that the child was under the age of seventeen years at the time of committing the alleged offense, it is the duty

the age of seventeen years at the time of committing the alleged offense," the circuit court is to transfer the case to the family court of competent jurisdiction, with certain exceptions. The family court can thereafter determine whether to transfer the case to the circuit court for disposition. However, because Petitioner was not a "child" under the statute, it is inapplicable. The term "child" was defined under then-applicable S.C. Code § 20-7-6605(1)[6] (now codified under § 63-19-20(1)), and does not include individuals, who like Petitioner, were charged with felonies that provided for a maximum penalty of greater than fifteen years. As a result, the circuit court had no duty to transfer jurisdiction of Petitioner's case to the family court, as the PCR court's order of dismissal likewise found. [Entry #16-2 at 90-92].

Petitioner's *ex post facto* claim appears to be based on the recodification of S.C. Code § 20-7-7605(1). After it was repealed by 2008 Act No. 361, §2 (effective June 16,

---

of the circuit court immediately to transfer the case ... to the family court of competent jurisdiction, except in those cases where the Constitution gives to the circuit court exclusive jurisdiction or in those cases where jurisdiction has properly been transferred to the circuit court by the family court under the provisions of this section. . . . The provisions of this section are applicable to all existing offenses and to offenses created in the future unless the General Assembly specifically directs otherwise."

[6] S.C. Code § 20-7-6605(1): "Child" means a person less than seventeen years of age. "Child" does not mean a person sixteen years of age or older who is charged with a Class A, B, C, or D felony as defined in Section 16-1-20 or a felony which provides for a maximum term of imprisonment of fifteen years or more. However, a person sixteen years of age who is charged with a Class A, B, C, or D felony as defined in Section 16-1-20 or a felony which provides for a maximum term of imprisonment of fifteen years or more may be remanded to the family court for disposition of the charge at the discretion of the solicitor. An additional or accompanying charge associated with the charges contained in this item must be heard by the court with jurisdiction over the offenses contained in this item.

2008), it was re-codified as S.C. Code § 63-19-1210 (Supp. 2008). However, the cited statute was not changed in any manner.

The prohibition against *ex post facto* laws concerns making innocent conduct criminal after the fact or otherwise imposing greater punishment after the fact. *See Waddell v. Department of Correction*, 680 F.3d 384, 395 (4th Cir. 2012)("the prohibition against *ex post facto* laws, which applies only to penal statutes which disadvantage the offender affected by them, assures that innocent conduct is not made criminal after the fact and that greater punishment is not imposed after the fact")(internal citations omitted).

Because the statute cited by Petitioner was not changed in any manner other than recodification, there could not be any possible violation of the *ex post facto* clause. Therefore, even if Petitioner's claim were not procedurally defaulted, it would fail on its merits. To the extent that Petitioner cites other statutes that give discretionary or concurrent jurisdiction to the family court (e.g., S.C. Code §§ 14-21-510(d) and 540), they do not support his *ex post facto* habeas claim.

Petitioner has not shown that the state court's analysis of his habeas issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #17] be granted.  Further, it is recommended that Petitioner's motion for an evidentiary hearing [Entry #21] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 5, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).