IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Detrick Descartes Freeman, #328569, | C/A NO. 1:12-1105-CMC-SVH |
| Petitioner, | |
| | **OPINION and ORDER** |
| v. | |
| Warden McCall, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On October 5, 2012, the Magistrate Judge issued a Report recommending that Petitioner's motion for an evidentiary hearing be denied and that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on November 13, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the Report and its conclusion. Accordingly, the court adopts and incorporates the Report and Recommendation in full.

Petitioner's objections are without merit. Petitioner fails to show that the Report erred in deeming the ground raised in the habeas petition procedurally barred from review by this court. Moreover, Petitioner's assertions in the petition and his objections relating to the statutory directive of S.C. Code § 63-19-1210 are without merit because, as noted by the Magistrate Judge, Petitioner did not meet the definition of a "child" under S.C. Code § 63-19-20(1).[1] Additionally, Petitioner's repeated references to S.C. Code §§ 14-21-510, 530, and 540 are futile as these statutes were repealed in 1981.

Accordingly, Petitioner's motion for an evidentiary hearing is **denied**. Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

---

[1] At the time of Petitioner's offenses, this section was codified in the South Carolina Code at § 20-7-6605(1). This statutory section was repealed in 2008 and recodified at § 63-19-20(1).

2

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 14, 2012